IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MIGUEL PRADO,<br><br>                    Defendant. | No. 2:02-cr-00021-JKS-1<br>[Civil Case No. 2:08-cv-01097-JKS]<br><br>MEMORANDUM DECISION |

At Docket No. 267, Miguel Prado, appearing *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  Prado is currently on supervised release. The United States ("Government") has opposed the motion.  Prado has not replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

Initially indicted in January 2002, Prado was tried in this Court on the third superceding indictment in July 2003.  That trial ended in a mistrial.  A fourth superceding indictment was returned, and Prado was tried a second time in February 2004.  This second trial also ended in a mistrial.  A fifth superceding indictment was then returned, and Prado was tried for a third time in May 2004.  At his third trial, Prado was convicted by a jury of one count of Distribution of Cocaine Base [21 U.S.C. § 841(a)(1)] and one count of Possession with Intent to Distribute Cocaine [21 U.S.C. § 841(a)(1)].  On appeal, the Court of Appeals for the Ninth Circuit affirmed Pardo's conviction but vacated his sentence and remanded for re-sentencing.[1]  On remand, Prado

---

[1] *United States v. Prado*, 231 Fed. Appx. 619 (9th Cir. 2007).

was sentenced to a prison term of 135 months on each count; followed by 60 months of

supervised release on each count, both to be served concurrently.[2]  Prado timely filed his motion

for relief under § 2255 on May 14, 2008.

## II.  GROUNDS RAISED/DEFENSES

Prado has raised seven grounds for relief:  (1) violation of his Sixth Amendment rights to

a speedy trail and effective assistance of counsel; (2) violation of his Fourth Amendment right to

be free of unreasonable searches and seizures; (3) a *Brady* violation;[3] (4) denial of effective

assistance of both trial and appellate counsel; (5) jury tainted by one juror observing Prado while

shackled and handcuffed; (6) trial court erred by denying Prado's motion to suppress; (7) the trial

court erred in denying pretrial motions to grant bail, suppress evidence, and directed acquittal.

The Government contends that, except for his ineffective assistance of counsel and *Brady* claims,

Prado's claims are either not cognizable in a § 2255 motion, i.e., not subject to a collateral attack,

or are procedurally barred.

## III.  STANDARD OF REVIEW

28 U.S.C. § 2255 provides in part:

> (a)  A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of the United States, or that the

---

[2] The trial was held before District Judge David F. Levi.  Before the matter was remanded by the Ninth Circuit, Judge Levi resigned.  The re-sentencing hearing was held before visiting Senior Judge D. Lowell Jensen on November 27, 2007, and an Amended Judgment and Commitment entered on December 3, 2007.  Judge Levi is no longer available, consequently this matter has been assigned to the undersigned District Judge for decision.  Rules—Section 2255 Cases, Rule 4(a).

[3] *Brady v. Maryland*, 373 U.S. 83 (1962) (a short-hand reference to the failure of the prosecution to disclose material information favorable to the defense).

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief can be granted.'"[4]  This Court need not hold an evidentiary hearing if the record conclusively shows that Prado is either not entitled to relief or if, in light of the record, his claims are "palpably incredible or patently frivolous."[5]

The motion must specify all the grounds for relief available to the movant and the facts supporting each ground.[6]  If it plainly appears on the face of the motion that the movant is not entitled to relief, a district court must dismiss the motion.[7]  This Court may dismiss on this basis

---

[4] *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

[5] *Id.* (citing *Schaflander*); *see United States v. Meija-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (same).

[6] Rules—Section 2255 Cases, Rule 2(c).

[7] Rules—Section 2255 Cases, Rule 4.

*sua sponte* after initial screening and an answer has been ordered and filed.[8]  As the Supreme

Court has stated in the context of the identical rule governing 28 U.S.C. § 2254 cases:

> Habeas Corpus Rule 2(c) is more demanding.  It provides that the petition must
> "specify all the grounds for relief available to the petitioner" and "state the facts
> supporting each ground."  See also Advisory Committee's Note on subd. (c) of
> Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently
> contained mere conclusions of law, unsupported by any facts.  [But] it is the
> relationship of the facts to the claim asserted that is important . . . ."); Advisory
> Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice'
> pleading is not sufficient, for the petition is expected to state facts that point to a
> real possibility of constitutional error." (internal quotation marks omitted)).
> Accordingly, the model form available to aid prisoners in filing their habeas
> petitions instructs in boldface:
>
>> "**<u>CAUTION</u>:  You must include in this petition <u>all</u> the grounds
>> for relief from the conviction or sentence that you challenge.
>> And you must state the facts that support each ground.  If you
>> fail to set forth all the grounds in this petition, you may be
>> barred from presenting additional grounds at a later date.**"
>> Petition for Relief From a Conviction or Sentence By a Person in
>> State Custody, Habeas Corpus Rules, Forms App., 28 U.S.C., P.
>> 685 (2000 ed., Supp. V) (emphasis in original).
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with
> particularity is to assist the district court in determining whether the State should
> be ordered to "show cause why the writ should not be granted."  § 2243.  Under
> Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the
> petitioner is not entitled to relief in the district court," the court must summarily
> dismiss the petition without ordering a responsive pleading.  If the court orders the
> State to file an answer, that pleading must "address the allegations in the petition."
> Rule 5(b).[9]

Prado's motion does not satisfy the requirements of Rule 2(c).

This Court also notes that Prado has not replied to the Government's answer.  28 U.S.C.

§ 2248 provides:

---

[8] *See Day v. McDonough*, 547 U.S. 198, 207-09 (2006) (construing the identical
provision in the Rules—Section 2254 cases).

[9] *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Under § 2248, where there is no denial of the allegations in the answer, or the denial is merely formal unsupported by an evidentiary basis, this Court must accept the Government's allegations as true.[10]

Prado's motion is replete with conclusory statements unsupported by any factual allegation, which, standing alone, do not create a triable issue of fact sufficient to warrant an evidentiary hearing.[11]  Prado has clearly not presented a factual dispute in this case.  In light of the record, this Court has determined that an evidentiary hearing is unnecessary.

## IV.  DISCUSSION

As did the Government, the Court will address the procedural issues, i.e., cognizable on collateral review, raised and rejected on direct appeal, and failure to raise on direct appeal, first. Those remaining claims that are properly before this Court will then be discussed.

### A.      Procedural Deficiencies

Claims cognizable on collateral review under § 2255 are generally limited to those that specifically assert a constitutional or jurisdictional error, or that claim that the sentence imposed was in excess of the statutory maximum or otherwise subject to collateral attack.[12]  Review of

---

[10] *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[11] *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *see Gonzalez v. Knowles*, 515 F.3d 1006, 1014 (9th Cir. 2008) (holding that claims grounded in speculation unsupported by the existence of any quantum of evidence do not entitle a § 2254 petitioner to an evidentiary hearing).

[12] *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (quoting *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

claims that merely raise legal error not of a constitutional or jurisdictional nature, i.e., violation

of a federal statute or rule, is limited to those claims that constitute a "fundamental defect which

inherently results in a complete miscarriage of justice" or "an omission inconsistent with the

rudimentary demands of fair procedure."[13]  In his motion, Prado challenges solely his conviction,

not the sentence imposed.[14]

In his motion, Prado acknowledges that he did not raise on appeal any issue he raises in

his § 2255 motion.[15]  Claims raised and rejected on direct appeal cannot be the basis for a § 2255

motion.[16]  Likewise, claims that could have been raised on direct appeal, but were not, may not

be raised on collateral review unless the defendant can show cause and prejudice.[17]  Ineffective

assistance-of-counsel claims, however, "may be brought in a collateral proceeding under § 2255,

whether or not the petitioner could have raised the claim on direct appeal."[18]

This Court agrees with the Government that all the grounds raised by Prado, other than

the ineffective-assistance-of-counsel and *Brady* claims, are either not cognizable on collateral

---

[13] *Hill v. United States*, 368 U.S. 424, 428 (1962); *see Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill*).

[14] Indeed, any attack on the sentence imposed was resolved in Prado's favor on direct appeal.

[15] The record, however, reflects that the denial of his motion to suppress, his sixth and part of his seventh grounds, was raised and rejected on direct appeal.  *Prado*, 231 Fed. Appx. at 620.

[16] *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985).

[17] *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982), and *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)); *see Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006) (citing *Massaro*).

[18] *Massaro*, 538 U.S. at 504; *see United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) (discussing limited circumstances under which an ineffective-assistance-of-counsel claim may be cognizable on direct review).

review or are procedurally barred because they could have been raised on direct appeal, but were

not.  In addition, as noted above, Prado's Petition is devoid of any factual allegations that, if true,

would support granting Prado relief.  Accordingly, this Court declines to address and summarily

dismisses those claims.

**B.**     ***Brady***

In his third ground, Prado argues in a somewhat vague and rambling manner that the

prosecution violated *Brady* by failing to disclose certain evidence he contends was favorable to

him.[19]  Insofar as it can be ascertained from the Petition, the sole evidence to which Prado refers

is a surveillance video that was used at trial and what appears to be a claim that the prosecution

failed to introduce other suspects at trial.  Prado argues that the surveillance video was

incomplete.

"[T]he Constitution does not require the prosecutor to share all useful information with

the defendant."[20]  *Brady*, and its progeny, require the Government to disclose material

information that is "favorable to the accused, either because it is exculpatory, or because it is

impeaching."[21]  A *Brady* violation occurs only where there is a "reasonable probability" that a

different verdict would have resulted from disclosure of the information that the defendant

---

[19] In this same ground Prado includes an allegation that his appellate attorney was unable to adequately prepare his appeal due to a lack of transcripts, that his trial attorney failed to voice Prado's concerns at the suppression hearing, and that Prado was denied an opportunity to see the surveillance video in its entirety.

[20] *United States v. Ruiz,* 536 U.S. 622, 629 (2002) (citing *Weatherford v. Bursey*, 429 U.S. 545, 549 (1977) ("There is no general constitutional right to discovery in a criminal case.")).

[21] *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999).

claims was suppressed.[22]  That is, "a constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial."[23]

As a *Brady*-type violation, Prado's claim fails.  First, given the fact that the surveillance video was introduced at trial, Prado has provided no evidence that the prosecution failed to disclose the surveillance video.  Second, there is no evidence that the prosecution refused to permit the defense from viewing the entire surveillance video.  Finally, and perhaps more importantly, assuming *arguendo* that the Government suppressed the remainder of the surveillance video, Prado presents no argument that had the omitted part been shown at trial, the outcome would have been different.  Prado has failed to establish a *Brady*-type violation.

## C.   Ineffective Assistance of Counsel

Under *Strickland*, to demonstrate ineffective assistance of counsel, Prado must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[24]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[25]  Prado must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[26]  An analysis that focuses "solely on mere outcome

---

[22] *Id.* at 281.

[23] *United States v. Bagley,* 473 U.S. 667, 678 (1985).

[24] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[25] *Id*.

[26] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[27]

   *Strickland* and its progeny do not mandate that this Court act as a "Monday morning quarterback" in reviewing tactical decisions.[28]  Indeed, the Supreme Court admonished in *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.[29]

   Inquiry focuses on the adversarial process, not Prado's relationship with counsel.  As long as counsel is a reasonably effective advocate, he meets constitutional standards, irrespective of

---

   [27] *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *see Strickland*, 466 U.S. at 687; *see also Kimmel v. Morrison*, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *United States v. Cronic*, 466 U.S. 648, 258 (1984) ("the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.").

   [28] *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

   [29] 466 U.S. at 689 (internal citations and quotation marks omitted).

petitioner's evaluation of his performance.  Thus, no weight is attached to either Prado's

expression of satisfaction or dissatisfaction with counsel's performance.[30]

While judicial inquiry into counsel's performance under *Strickland* must be highly

deferential, it is "by no means insurmountable," but nonetheless remains "highly demanding."[31]

"Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair

trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to

retrial."[32]

"A convicted defendant making a claim of ineffective assistance must identify the acts or

omissions of counsel that are alleged not to have been the result of reasonable professional

judgment."[33]  The court must then consider those acts or omissions against "prevailing

professional norms."[34]  Even then, "counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment."[35]

Prado bears the burden of proving that counsel's trial strategy was deficient.  "[Prado]

must overcome the presumption that, under the circumstances, the challenged action 'might be

considered sound trial strategy.'"[36]  "[Prado] bears the heavy burden of proving that counsel's

---

[30] *Cronic*, 466 U.S. at 657 n.21.

[31] *Kimmelman*, 477 U.S. at 382.

[32]*Id.* at 382.

[33] *Id*. at 690.

[34] *Id*.

[35] *Id*.

[36] *Strickland*, 466 U.S. at 689.

assistance was neither reasonable nor the result of sound trial strategy."[37]  "In determining

whether [Prado] received effective assistance of counsel, 'we will neither second-guess counsel's

decisions, nor apply the fabled twenty-twenty vision of hindsight,' but rather, will defer to

counsel's sound trial strategy."[38]  "Because advocacy is an art and not a science, and because the

adversary system requires deference to counsel's informed decisions, strategic choices must be

respected in these circumstances if they are based on professional judgment."[39]

During the course of his criminal prosecution and appeal, Prado was represented by

various counsel at different stages of the proceedings.  In his first and fourth grounds, to the

extent the Court can decipher his terse allegations, Prado contends that trial counsel was

ineffective in several particulars:  (1) failing to obtain Prado's release on bail in order for him to

assist in preparing his defense; (2) representation by an attorney who had a known conflict

leading to further delays in Prado's trial; (3) failure to present Prado's concerns at the

suppression hearing; (4) failure to obtain or present all the evidence Prado requested, including

pictures of his residence, prior parole and probation information on co-defendants, complete

footage of a surveillance video introduced at trial, evidence of other suspects, and the testimony

of CSI Robert Jordan; (4) allowing excessive time to lapse between trials; (5) preying on Pardo's

lack of knowledge and undermining Prado's decisions; and (6) waiving time and a jury trial on

the forfeiture issue.  Also interspersed throughout Prado's motion, in addition to his first and

fourth grounds, are what appear to be allegations that his trial counsel was ineffective in other

---

[37] *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001).

[38] *Id.* (quoting *Strickland*, 466 U.S. at 689).

[39] *Strickland*, 466 U.S. at 681.

respects.  All are vague, confusing, practically indecipherable, and undeveloped, both factually and legally.

Notably absent is any factual allegation identifying the evidence that Prado claims trial counsel should have presented, i.e., a description of the evidence or testimony and how it related to the issue of Prado's guilt or innocence.[40]  As the Government correctly contends, the denial of bail, which does not affect either his conviction or sentence, is not ordinarily a cognizable issue in a § 2255 motion.  In this case, Prado alleges that the denial of bail prevented him from providing assistance in his defense.  The fatal flaw in Prado's position is that he has failed to provide any factual basis for his contention that the failure to release him on bail hampered his defense.

With respect to the delays, Prado has not alleged that his ability to present a defense was delayed.  The *sine qua non* of a Sixth Amendment speedy trial violation is a showing of prejudice, i.e., that the defendant's ability to present a defense was prejudiced by the delay.[41]  The mere fact of delay, standing alone, does not necessarily establish prejudice.[42]

Prado contends that his appellate counsel did not obtain his consent to appeal and prevented Prado from participating and assisting counsel in preparing and presenting his appeal. Prado also contends that, in failing to obtain the necessary transcripts prior to filing the appellate

---

[40] There is no indication in the record that any favorable evidence that was introduced at either of the first two trials, which ended in mistrials and is indicative of effective lawyering, was not also introduced at Prado's third trial, in which he was convicted.

[41] *Reed v. Farley*, 512 U.S. 339, 353 (1994); *see Doggett v. United States*, 505 U.S. 647, 656 (1992).

[42] *Barker v. Wingo*, 407 U.S. 514, 521 (1972) ("deprivation of the right to speedy trial does not *per se* prejudice the accused's ability to defend himself").

brief and raising the issues Prado raises in his current motion, his appellate counsel's performance was deficient.

Prado's arguments *vis-a-vis* the suppression hearing are not only devoid of any factual underpinning, but were raised and rejected on appeal.[43]  In a declaration filed by the Government as Exhibit 4 to its opposition to the motion, appellate counsel noted:  (1) that because he had been appointed for the purpose of representing Prado in his appeal, Prado's consent to the appeal was implied; (2)  the communications he had with Prado, indicating that Prado was, in fact, consulted and participated in the preparation of the appeal; (3) counsel had all the transcripts necessary to pursuing the appeal, which he reviewed thoroughly; and (4) counsel did not raise the shackling issue because it lacked merit.[44]  Prado has not challenged these statements.  Thus, the Court accepts them as true.[45]

The failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[46]  Prado does not present any factual basis that shows that the omitted issues had any merit, i.e., that, had they been included, the outcome of his appeal would have been different.  Particularly perplexing is how, if appellate counsel pursued the appeal without authorization, appellate counsel was ineffective for failing to raise the grounds that Prado now contends were not raised.

---

[43] *Prado*, 231 Fed. Appx. at 620.

[44] Docket No. 288-1, pp. 145-48.

[45] *See Carlson*, 342 U.S. at 530.

[46] *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir. 1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel).

As to both his trial and appellate counsel, Prado has not met the heavy burden he must bear.  He has provided no evidence indicating that either trial or appellate counsel was unreasonable or ineffective for selecting his respective strategy.  Prado has not quoted any "[p]revailing norms of practice as reflected in American Bar Association standards and the like" indicating that counsel acted outside these norms.[47]  Prado has not suggested what alternative strategy, action, or position counsel should have taken that might possibly have altered the outcome.  More tellingly, Prado has manifestly failed to present any factual basis or argument that could plausibly support a finding that his defense was prejudiced, i.e., that the outcome in this case would have been different.  In the absence of any factual allegations supporting Prado's ineffective-assistance-of-counsel claims, Prado has failed to overcome the presumption that the performance of his trial and appellate counsel in his defense was within the range of competence demanded of attorneys in criminal cases.  Nor can this Court find that there is a reasonable probability that, but for counsels' alleged ineffectiveness, the result would have been different.

## V.  CONCLUSION AND ORDER

Prado is not entitled to relief on any ground raised in his Motion.

**IT IS THEREFORE ORDERED THAT** the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

---

[47] *Strickland*, 466 U.S. at 688.

14

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[48]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[49]

The Clerk of the Court is to enter judgment accordingly.

Dated:  June 7, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[48] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted).

[49] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.